## No. 12,301.

### M. F. FISHEL ET ALS. VS. T. O. STARK ET ALS.

1. A party having become adjudicatee at tax sale, in 1875, of property on which there remained unpaid taxes of the year 1873, and thereafter having failed to pay the taxes of the years 1874, 1876 and 1877, it became subject to sale in 1889 under Act 82 of 1884.

2. The only legal effect of the first adjudication was to oust the title of the then tax debtor and vest it in the adjudicatee, but it did not hinder the tax collector from subsequently proceeding to make a sale under Act 82 of 1884 in the enforcement of taxes of 1874, 1876 and 1877.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Ernest T. Florance* for Plaintiffs, Appellants.

---

*Walter H. Rogers* for T. O. Stark and W. H. Lockhart, Defendants, Appellees.

---

*Paul L. Fourchy* and *C. McRae Selph* for A. S. Gutierrez, Defendant, Appellee.

Argued and submitted February 2, 1897.
Opinion handed down March 1, 1897.

_____

The opinion of the court was delivered by

WATKINS, J. Plaintiffs, as the sole legal heirs of Lewis Fishel and of his wife, Frederica Metzger—both of whom are deceased— acquired by inheritance a certain tract of land, particularly described in their petition, situated in the city of New Orleans; and their averment is, that same was adjudicated to their father, at a tax sale made on 20th of April, 1875, and said sale was subsequently confirmed by the Auditor on the 18th of January, 1875, said property constituting a part of the matrimonial community.

They aver that their father was placed in possession of said property by the judgment of a competent court on the 21st of August, 1876, and that he has since remained and continued in peaceable possession thereof, until the 11th of November, 1892, when he sold his interest to T. O. Stark, one of the defendants.

They further allege that their deceased mother bequeathed to their father the disposable portion of her fortune, including the property in suit—that is, one-half of her estate; and that they consequently inherited an undivided one-fourth interest therein as their *legitime*—that is to say, one-fourth of the community assets.

Wherefore, their demand and prayer are for a partition in kind, and according to law.

*Per contra* the defendant, Stark, and the other defendants who trace through him, alleges that he purchased the whole of the property in controversy, at a tax sale made on the 12th of November, 1889, under and in conformity to Act No. 82 of 1884, in the enforcement of the delinquent taxes due on same for the year 1879, and prior years, and assessed to Mrs. Charles C. Hamilton, and that under said adjudication he immediately went into possession under a writ issued in the suit entitled *In re* T. O. Stark, for Possession, etc.

He further alleges that on the 11th of November, 1892, subsequently, he purchased the rights of Mrs. Widow Hamilton, now Mrs. S. B. Thrasher, the tax debtor; and that he also acquired by similar purchase all the rights and interests of Lewis Fishel—thus protecting his title by the tax adjudication.

In the alternative, there is in his answer urged a reconventional

demand for the sum of six hundred and ninety–five dollars and thirteen cents, amount of State and city taxes paid on the property since his purchase; the sum of two hundred and fifty dollars, amount paid Mrs. Hamilton for the transfer of her rights; and the sum of seventy-five dollars, the amount paid to Lewis Fishel for the assignment of his rights. And also, for other costs and expenses amounting to two hundred dollars—all aggregating one thousand two hundred and twenty dollars and thirteen cents, for which he prayed judgment.

There were various exceptions filed and overruled; and other defendants filed answers similar to those of Stark.

On the trial there was judgment dismissing the plaintiff's suit, and they prosecute this appeal; and in this court they plead the prescription of three years, as a shield against the defendants' attack upon the tax adjudication to their father, which is their primordial title.

Reference to the tax collector's deed of 1875 will show that the adjudication was made for the unpaid taxes of 1873, under a *current* revenue law of that year; and that, six months later, that sale was confirmed by the auditor because there had been no intermediate redemption of the property.

But the record shows that on the 12th day of November, 1889, the tax collector, acting under and by virtue of Act 82 of 1884, adjudicated the property in controversy to the defendant, Stark, in the enforcement of the taxes due thereon prior to the 31st of December, 1879—including those of the years 1872, 1877 and 1878, amounting to one hundred and thirty-four dollars and fifty cents.

The *proces verbal* of sale, amongst other things, recites, that said property had been duly and legally assessed for those years, as that of Mrs. Charles Hamilton.

The record further shows that under a writ of possession, regularly and formally issued and served, the purchaser was sent into possession conformably to law and the aforesaid adjudication.

There appears in the record a statement of the taxes which the defendant, Stark, as purchaser, assumed as part of the purchase price, and which he paid—including those of the years 1874, 1875, 1876 and those of 1880 to 1894, inclusive, aggregating in capital the sum of six hundred and sixty-five dollars and sixty-one cents.

Conceding for the argument all that is claimed by the plaintiffs, it is quite evident that their ancestors failed, during the years subse-

quent to their purchase in April, 1875, to keep down the taxes on the property, and it consequently became amenable to tax sale again in 1889, when the defendant, Stark, became adjudicatee under Act 82 of 1884.

In our view there is no room for doubt of the legality or validity of the adjudicatee's title.

The Fishel heirs have only the standing in court of their ancestors, and it is of no consequence that they acquired title at tax sale.

Its only effect in law was, or could be, to oust the then tax debtor and vest his title in Fishel as adjudicatee. The property having been subsequently assessed, and the proper assessment having been carried on the roll, it was liable to sale under Act 82 of 1884.

The principles upon which such a sale as this is sustained have been so frequently announced that it is deemed unnecessary to repeat them; hence we merely refer to a few of the adjudged cases, to-wit: *In re* Orloff Lake, 40 An. 147; *In re* Douglas, 41 An. 765; Dibble vs. Leppert, 47 An. 792; Remick vs. Lang, 47 An. 914.

Regarding the decree appealed from as a final judgment, it is affirmed.