41 So.2d 237

## MESHELL v. BAUER et al.

### No. 39078.

May 31, 1949.

J. S. Pickett, Many, for plaintiffs and appellants.

Fraser & Fraser, Many, for defendants and appellees.

FOURNET, Justice.

The sole question for our determination in reviewing the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the district court decreeing the defendants to be the owners of the property in controversy, is whether or not the plaintiff, who was the owner thereof by virtue of his actual physical possession for more than thirty years, lost his title when the property was sold by the state to enforce the payment of delinquent taxes assessed against the property.

The Court of Appeal correctly states the pleadings and the facts and in our opinion properly disposes of the issue. We therefore quote the same with approval [25 So. 2d 772, 773]:

"Joe P. Meshell, alleging himself to be the owner by virtue of actual, physical possession for more than thirty years of the SW ¼ of SW ¼, Section 19, Township 8 North, Range 12 West, in Sabine Parish, Louisiana, instituted this suit against J. E. Bauer and W. H. Barthold,

non-residents of Louisiana, to have his alleged superior title thereto recognized and his possession of the same quieted, etc.

"Defendants denied Meshell's alleged ownership of the land and asserted title in themselves, by and through a valid tax sale thereof to Bauer in the name of the record owner, The Bradley Drilling Company, on June 13, 1940, for due and delinquent taxes under an assessment for the year 1939; and sale of one-half interest therein by Bauer to Barthold. Defendants prayed that plaintiff's demand be rejected and that their title to the land be recognized and possession thereof be ordered delivered to them by the plaintiff.

"A few days prior to the trial of the case, plaintiff died intestate. His heirs were judicially recognized and placed in possession of all of his property. On written motion, they were substituted as parties plaintiff.

"Plaintiffs' demand was rejected and there was judgment for the defendants as prayed for by them. Plaintiffs appealed.

"It is shown beyond question that Joe P. Meshell actually and physically, through enclosures and cultivation, possessed the entirety of the land in dispute, for more than thirty years prior to his death. It is also equally well shown that he did not have a record title of any character to the land, nor did he return same for assessment purposes or pay any taxes thereon for any

part of said thirty years. On the contrary, it is shown that a regular chain of title, consisting of several conventional transfers of the land, ended in The Bradley Drilling Company in 1930, and that under a valid assessment of this land and many other tracts to that company, for delinquent taxes of 1939, all of said tracts were sold and adjudicated by the sheriff and tax collector of Sabine Parish, to defendant, Bauer. He thereafter sold one-half interest therein to defendant, Barthold.

"In 1944, by appropriate proceedings against the tax debtor in the District Court of Sabine Parish, the tax deed to Bauer was quieted and confirmed.

█ "Plaintiffs' counsel, in brief, while championing the prescriptive title of Meshell to the land, does not therein, nor in the petition, assail the efficacy of the tax deed to Bauer nor offer any reason why it should not be given the force and effect that instruments of that character, under the Constitution and Laws of this State, are entitled. In the absence of direct attack upon the tax deed, we assume that no valid ground exists therefor. We would be warranted in simply affirming the judgment with the foregoing statements, but shall briefly discuss the pertinent law and legal principles.

█ "The law governing cases, the facts of which are as they uncontradictedly appear herein, is very clear. The tax assessor is required by statute to assess real estate to the last record owner. Act No. 170 of 1898, Sections 25 and 53; Section 11, Article X of the Constitution of 1921. And a tax deed under such assessment is prima facie evidence of a valid sale. It may not be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to date of the sale. Section 11, Article X of the Constitution of 1921. However, the courts of this state, uniformly, since the adoption of the Constitution of 1898, have held that the effectiveness of the peremption contained therein, and in subsequent constitutions, in favor of tax sales of real property, was suspended so long as the tax debtor or his heirs and/or legal representatives or his or their vendee or vendees held actual, physical possession of the property. Of course, the referred to peremption has application only to tax sales that were made without strict observance of all legal requirements and formalities. It was designed to cure tax sales affected with legal infirmities. A tax sale, legally valid ab initio does not need the aid of this peremption at all. It is beyond attack and becomes indefeasible after the period of redemption (now three years) has expired.

█ "Meshell was not the tax debtor. He had not the least semblance of record title to the land and for this reason neither his possession thereof nor that of his heirs could be pleaded successfully against the

·efficacy of the tax sale that was made in the name of the record owner, the true tax debtor, to whom, presumably, the required notices, precedent to the sale, were given. Pertinent to this discussion, see Gilmer et al. v. Stinson et al., La.App., 197 So. 299.

"For the reasons herein given, the judgment appealed from is affirmed; and, accordingly, defendants, J. E. Bauer and W. H. Barthold, as against the heirs of Joe P. Meshell, deceased named in this suit, are recognized and decreed to be the legal owners of the land in controversy, to-wit: SW ¼ of SW ¼, Section 19, Township 8 North, Range 12 West, situated in the Parish of Sabine, Louisiana, and entitled to the undisturbed possession thereof. Substituted plaintiffs are hereby cast for all ·costs of suit."

This case was submitted on briefs, no appearance being made for the purpose of arguing the case on behalf of the plaintiffs and appellants, and the authorities relied on in brief in support of their position, from which certain excerpts are quoted—Fishel v. Stark, 49 La.Ann. 855, 21 So. 595; Thomas & Bullis v. Stricker Land & Timber Co., Inc., 181 La. 784, 160 So. 413; Dyer v. Wilson, La.App., 190 So. 851; and 61 C.J. 1307—are inapplicable to ·the issues presented here for our decision .and are, therefore, not controlling.

The judgment is affirmed.

O'NIELL, C. J., takes no part.