HARDY, Judge.
This action was instituted by plaintiff for the purpose of procuring the judicial determination and establishment of a boundary between its estate and the contiguous *804 property of the defendants, Thomas Leon Law and the absent heirs of H. F. Wagley. In accordance with the prayer of plaintiff’s petition the court appointed a surveyor who proceeded to survey the property and fix the common boundary. Proces verbal and plats of the survey being duly returned to the court, trial was had on the issues tendered by the pleadings and, following trial, judgment was rendered approving and homologating the proces verbal and survey plats and ordering the boundary line fixed in accordance therewith. From the judgment the defendant, Thomas Leon Law, has suspensively appealed'. No appearance nor answer was made by or on behalf of the absentee Wagley heirs against whom default judgment in favor of plaintiff was confirmed, and, who, accordingly, are not parties to this appeal. However, it must be noted, as a-practical proposition, that the issues tendered by the defendant-ap-pellee, Thomas Leon Law, will determine the rights of all parties inasmuch as we can conceive of no method of separating the rights of owners in indivisión with respect to the establishment of a line of boundary.
Plaintiff has answered the appeal, praying for an amendment of that part of the judgment equally apportioning the expenses of the judicial survey between the parties plaintiff and defendant to the extent of assessing the entire costs thereof against defendant-appellant.
The petition of plaintiff, A. J. Hodges Industries, Inc., represented that it was the owner by record title of certain property described as the South Half of Northeast Quarter of Section 1, Township 8 North, Range 11 West in Sabine Parish, Louisiana, which property was adjoined on the south by the Southeast Quarter of the same section allegedly owned by the defendant, Thomas Leon Law, and the absent heirs of one H. F. Wagley in proportions of an undivided one-half interest each; that a dispute had arisen between the respective owners as to the location of the boundary line between the described tracts of land; that the defendant, Law, has refused to agree to an amicable determination and extra-judicial fixing of a boundary line, and that the said defendant had further refused to recognize the boundary line run and established by proper survey made since plaintiff’s acquisition of title to the tract of land described.
To plaintiff’s petition the defendant, Law, filed answer which, after first denying the allegations of plaintiff’s petition, affirmatively averred that defendant had procured the re-establishment of “ * * * the ancient boundary line known as Vandegaer Survey,” which plaintiff had refused to acknowledge; that the boundary line, which had been in existence for more than fifty years, had been recognized by the adjoining property owners; had been re-established by one R. B. Leone, surveyor, and, as a consequence, no judicial survey was necessary. Alternatively, defendant averred that he and his ancestors in title had continuously and without interruption possessed the property to the extent set forth for a period of more than thirty years, and upon this representation asserted a plea of prescription of thirty years ac-quirendi causa.
Upon the date of trial defendant filed exceptions of no cause and no right of action, which were referred to the merits. Following conclusion of trial defendant filed a plea of prescription of ten and twenty years. The exceptions and pleas of prescription were specifically overruled in the judgment appealed from.
Before proceeding to a consideration of the several defenses above noted, it should be observed that no attack has been made upon the survey made in this case by the court-appointed surveyor, Mr. E. H. Barentine, a licensed and registered surveyor of DeRidder, Louisiana, and it follows that such survey, as approved and homologated, must be accepted as having properly established the ideal boundary between the contiguous estates of the parties litigant.
At this point we wish to take occasion to observe with emphatic approval that the *805 proces verbal and accompanying plats of survey as returned by Mr. Barentine in this case are, without question, the most meticulously prepared documents of such a nature which have ever come under the observation of this court and are quite possibly the only ones we have ever had occasion to examine which comply in even the most minute detail not only with the provisions of law with regard thereto but with the necessity for a clearly detailed and fully understandable reflection of every detail of the work performed by such an official.
Before this court counsel for defendant first argues his exception of no right of action, which is based upon the contention that plaintiff’s petition has failed to make proper allegations in support of his action for the fixing of a boundary under the provisions of Article 823 of the LSA-Civil Code, citing Opdenwyer v. Brown, 155 La. 617, 99 So. 482.
We think this point is highly technical inasmuch as we are completely unable to distinguish between what we regard as the clear and unambiguous allegations of plaintiff’s petition and the equally clear meaning and purpose of the codal article. This exact point was ably and concisely disposed in the opinion of Judge (now Mr. Justice) McCaleb, in New Orleans & N. E. R. Co. v. Redmann, La.App., 28 So.2d 303, 306 (certiorari denied) in the following words:
“Under their exception of no cause or right of action, defendants contend that plaintiff has failed to allege a case justifying a fixing of the bounds because it has not alleged either that the tracts have never been separated or never have had their boundary determined or that the previous fixed bounds are no longer to be seen, in conformity with the requirements of Article 823 of the Civil Code which specifies that any one of the above instances will support an action in boundary.
“The point is without merit for the reason that it is obvious, from a reading of plaintiff’s petition, that the contiguous tracts have never been separated, judicially or otherwise. Plaintiff, after alleging that one of the contiguous tracts of land is owned by it and that Mrs. Redmann is the owner of the other, sets forth that the defendants have refused to agree to the fixing, extra-judicially, of the boundary line between its property and the property of Mrs. Redmann despite its endeavor to obtain their consent to settle the matter amicably. It is self-evident, in view of these allegations, that the contiguous tracts have never been separated and an averment by plaintiff to that effect would not have made its case more certain. While it is true that Article 823 of the Code provides that an action in boundary will lie only in the three instances specified therein, it is not imperative for a plaintiff to track the exact language contained in the article in order to state a cause of action thereunder, if it appears, from a reasonable interpretation of the allegations, that the redress sought falls squarely within the purview of the statute. See Franz v. Mohr, La.App., 186 So. 114.”
It is the substance of a plaintiff’s demand and not the purely technical failure to follow exact details of pleading to which a court should address its consideration in determining whether a cause of action has been adequately set forth; Boze-man v. McDonald, La.App., 40 So.2d 517 (certiorari denied).
Inasmuch as we are firmly convinced that the substance of the allegations of plaintiff’s petition adequately complies with the codal requirements, it follows that this exception was properly overruled.
Next, counsel urges that the evidence adduced on trial discloses the existence of a well defined boundary line established in or about the year 1900 and recognized by the adjacent property owners. Our careful examination of the rec *806 ord fails to substantiate the factual conclusions asserted by counsel. It was established that Mr. R. B. Leone, a duly licensed and registered surveyor, at one time was employed by the defendant to run a line which was pointed out to Leone by the defendant as being the “Vandegaer Line” in Section 1. Mr. Leone testified, as a witness for defendant, that he retraced an old line, which diligent counsel for defendant urges was the old survey made somewhere at or near the turn of the century. This argument is based solely upon unsupported inference. There is no evidence, testimonial or documentary, in the record before us which could serve as a possible basis for the recognition of the somewhat legendary Vandegaer Survey. The only testimony of the witness, Leone, on this point is that he found a pine knot and some vestiges of a fence line which he accepted as constituting a part of the “Vandegaer Line”. However, it is clear from the testimony of this witness that he was able to follow this line only through a thicket and thereafter he continued the line in accordance with the personal direction of the defendant. This testimony loses all probative value because it is abundantly clear that Leone ran and fixed a line, not in accordance with any authentic information as to a proper survey, but simply in accordance with the self-serving wishes of the defendant. The undated plat made by Leone, which was admitted in evidence, appears to us to be without any value or weight except for the purpose, which is clearly reflected by the plat itself, of establishing “ * * * Line Claimed by Law Estate.” We are not concerned with the claims of the respective parties as such but with the legal foundation upon which such claims are based.
We are unable to find any reasonable support of the contention that an old boundary line was established about the year 1900 and since the record does not contain any evidence which would support even the existence, much less the exact location of such a line, it follows that the correlated contention that such a line was respected and recognized cannot be accepted. For these reasons we think the exception of no right of action was also properly overruled.
The grounds upon which the pleas of prescription of ten and twenty years are based are not too clearly delineated, but it would appear that these pleas are asserted under the provisions of Article 853 of the LSA-Civil Code which reads as follows:
“If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent.”
The facts established on trial of the instant case do not substantiate a conclusion that “ * * * the boundaries have been fixed according to a common title, or according to different titles.”
The holding in Opdenwyer v. Brown, supra, is entirely inappropriate inasmuch as the principle enunciated was particularly restricted, by the court’s pronouncement, to the instances in which there existed visible bounds which had been established by consent of the parties. In the instant case, since there are no existing visible bounds, there can be no question of consent.
Finally, it is urged that defendant has established ownership of the pi-operty in dispute through the operation and effect of the prescription of thirty years ac-quirendi causa, evidenced by the undisturbed and continuous physical possession as owners by defendant and his ancestors in title. In other words, defendant claims ownership by virtue of possession beyond the limits of his title.
While our examination and consideration of the record has completely failed to *807 convince us that defendant has established either the nature or period of possession which is required to support his prescriptive claim, we think this issue is susceptible of final determination upon another ground.
Among the muniments evidencing plaintiff’s title to the property described, the record contains the following instruments:
(a). Tax sale conveyance from Mrs. Jane N. Pierce, by the tax collector, to Joe Dover, of date June 15, 1929, covering the South five-eighths of Southwest Quarter of Northeast Quarter, Section 1, Township 8 North, Range 11 West, Sabine Parish, Louisiana.
(b). Tax sale conveyance from Mrs. Jane N. Pierce, by the tax collector, to Joe Dover, of date June 14, 1930, covering 18 acres off the south side of the Southwest Quarter of Northeast Quarter, Section 1, Township 8 North, Range 11 West, Sabine Parish, La.
(c). Tax sale conveyance from Mrs. Jane N. Pierce, by the tax collector, to Joe Dover, of date June 20, 1931, covering the Southeast Quarter of Northeast Quarter and ten acres off the North side of the Southwest Quarter of Northeast Quarter, Section 1, Township 8 North, Range 11 West, Sabine Parish, La.
(d). Tax sale conveyance from Mansfield Hardwood Lumber Company, by the tax collector, to A. J. Hodges, of date June 17, 1944, covering the Southwest Quarter of Northeast Quarter, except ten acres off the north side and eighteen acres off the south side thereof, in Section 1, Township 8 North, Range 11 West, Sabine Parish, Louisiana.
The above described tax deeds describe and embrace the entire South Half of the Northeast Quarter of Section 1 owned by plaintiff and adjoining on the south the property of defendants. No attack has been made upon the tax deeds and, so far as appears from the record, they must be regarded as valid and indefeasible. This being true, inasmuch as thirty years has not elapsed since the dates of said deeds, it is a matter of no import whether defendant, by operation of prescription, theretofore acquired ownership beyond his title to property encroaching upon that comprehended by the tax deed descriptions. Even if it be conceded, ar-guendo, that the facts justified recognition of ownership in defendant by actual physical possession for more than thirty years, such ownership has been divested by the effect of the tax sales. This exact point was considered and decided by the opinion of Mr. Justice Fournet (now Chief Justice) in Meshell v. Bauer, 215 La. 619, 41 So.2d 237, which opinion adopted, in toto, the opinion of this court (35 So.2d 772) which was under review by the Supreme Court.
In support of the relief for which plaintiff has prayed in answer to defendants’ appeal, it is urged that the entire burden of the substantial cost of the survey made in the instant case should be taxed against defendant, inasmuch as his refusal of an amicable fixing of the disputed boundary provoked the necessity for this proceeding. While this representation is undeniably true, we are, nevertheless, constrained to conclude that the very nature of the controversy between these parties litigant necessitated a settlement of their differences by means of a court authorized survey and a judicial determination of the correctness thereof. Under the circumstances surrounding the dispute between the parties, notwithstanding we have found his possession to be legally untenable, we can appreciate and understand defendant’s unwillingness to agree to an extrajudicial survey and the establishment of a boundary pursuant thereto. For this reason we have no disposition to disturb the judgment which apportioned the cost of the survey equally between the parties. We think such a disposition was equitable and, in view of the discretionary authority with which appellate courts are clothed under the provisions of LSA-R.S. 13:4444, we refuse the relief sought in this respect.
*808 For the reasons assigned the judgment appealed from is affirmed at appellant’s cost, and it is Specifically-
Ordered, adjudged and decreed that there be judgment fixing the boundary between the lands of plaintiff, A. J. Hodges Industries, Inc., described as being the South Half of Northeast Quarter of Section 1, Township 8 North, Range 11 West, Sabine Parish, Louisiana, and the lands of defendants, Thomas Leon Law, and the heirs of ‘H. F. Wagley, described as the Southeast Quarter of Section 1, Township 8 North, Range 11 West, Sabine Parish, Louisiana, as follows: Beginning at a point on the east line of Section 1, Township 8 North, Range 11 West, 2,804 feet north of the southeast corner of said Section 1 and running thence west 2,726.5 feet to the center of said Section 1, in accordance with the proces verbal and plats of E. H. Barentine, registered surveyor, as filed herein.