| | | |
|---|---|---|
| **CANDACE JOHNSON** | * | **NO. 2021-CA-0460** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ANGELICA SOLORAZANO** | * | |
| **SOTOMAYOR, ALBERTO** | | **FOURTH CIRCUIT** |
| **JOSE SOTOMAYOR, JR., THE** | * | |
| **ALBERTO JOSE** | | **STATE OF LOUISIANA** |
| **SOTOMAYOR, III TRUST,** | * * * * * * * | |
| **STATE OF LOUISIANA AND** | | |
| **STATE OF LOUISIANA,** | | |
| **DIVISION OF** | | |
| **ADMINISTRATION, OFFICE** | | |
| **OF COMMUNITY** | | |
| **DEVELOPMENT** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06330, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge
Regina Bartholomew-Woods)


Wesley M. Plaisance
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras Street, Suite 1500
New Orleans, LA 70112


      COUNSEL FOR PLAINTIFF/APPELLEE


Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130


      COUNSEL FOR DEFENDANT/APPELLANT


                    **AFFIRMED**
             **FEBRUARY 2, 2022**

*RBW*

*TFL*

*RLB*

This civil appeal arises from Appellee's purchase of a tax sale certificate of an immovable property. The trial court granted a default judgment naming Appellee as the sole owner of the immovable property and later denied Appellant's motion for a new trial. Appellant asserts the property had been redeemed prior to the granting of the default judgment and requests that this Court either overturn the default judgment or alternatively, grant a new trial.

For the reasons that follow, we affirm the judgments of the trial court.

## PROCEDURAL HISTORY

On April 11, 2017, Plaintiff-Appellee, Candace Johnson ("Appellee") attended a tax sale conducted by the Director of Finance and Ex-Officio Tax Collector for the City of New Orleans and purchased a tax sale title to an immovable property located at 2009-11 6th Street in New Orleans, Louisiana for the unpaid ad valorem taxes for the year 2016. Prior to the tax sale, title to the property was in the names of: Angelica Solorazano Sotomayor ("Appellant"),

Alberto Jose Sotomayor, Jr. a/k/a Alberto Jose Sotomayor and/or The Alberto Jose Sotomayor, III Trust.

On June 13, 2017, the tax sale certificate, dated May 18, 2017, was recorded in the conveyance records of Orleans Parish as Instrument Number 619910.

On February 24, 2020, Appellant requested a redemption calculation payout from the City of New Orleans' Bureau of the Treasury and received a tax sale redemption calculation in the amount of $13,003.03. Appellant was informed that the calculation was good through March 31, 2020. The redemption calculation stated that the payments could be mailed to the treasury.

On March 16, 2020, Governor John Bel Edwards issued a stay-at-home order in response to the COVID-19 pandemic. For the duration of the stay-at-home order, Appellant chose not to mail in her redemption payment by the March 31st deadline, which was an option as the United States mail system had not been halted.

On July 29, 2020, Appellee filed a petition to quiet title and sought a judgment confirming her tax sale title and sole ownership of the Property. Appellant was served, via domiciliary service, on August 11, 2020, by the Jefferson Parish Sheriff's Department. On August 11, 2020, Defendant Alberto Jose Sotomayor, Jr., was served with a certified copy of the citation and petition. Neither Appellant nor the other defendants filed an answer, exception, or any other pleadings.

On July 30, 2020, Appellee filed a notice of *lis pendens* in the Mortgage Records for the Parish of Orleans.

On August 17, 2020, Appellant received a new redemption calculation of $13,511.62 due by August 25, 2020. Appellant paid off the total, in person, on

August 25, 2020, via cashier's check. The Bureau of the Treasury allegedly mailed a notice of tax sale redemption to Appellee on August 26, 2020.

On February 19, 2021, Appellee filed a Motion for Entry of Preliminary Default.

On February 22, 2021, the trial court rendered a preliminary default judgment against all defendants.

On April 6, 2021, Appellee filed a motion to confirm default judgment against all defendants.

On April 7, 2021, following a hearing, the trial court rendered a final default judgment granting Appellee sole ownership of the property, enjoining all defendants from setting up rights to the property, and cancelling the multiple indebtedness mortgage.

On April 16, 2021, Appellant filed a motion for new trial on the grounds that the tax sale certificate had been timely redeemed and that the default judgment was rendered based on ill-practice or fraud.

On April 22, 2021, Appellee opposed the motion for new trial. Appellant filed a reply memorandum clarifying that she sought the new trial only under the discretionary grounds set forth in La. C.C.P. art. 1973, further arguing ill practice, and claimed that she was entitled to a new trial because she could not redeem the property by July 5, 2020, due to the COVID-19 pandemic.

On April 27, 2021, following a hearing, the trial court denied Appellant's motion for new trial reasoning: Appellant could have mailed in her payment by the March 31, 2021 deadline; and Appellant failed to allege and prove good reason for failing to file responsive pleadings.

The instant appeal timely followed.

## DISCUSSION

*Assignments of Error*

Appellant asserts the following assignments of error:

(1) The trial court erred in granting the default judgment in favor of Appellee;
(2) The trial court erred in denying the motion for new trial.

*Analysis*

<u>Standard of Review</u>

This Court shall first review the trial court's granting of the default judgment. "'In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.'" *Precept Credit Opportunities Fund, L.P. v. Brown*, 2020-0114, p. 3, (La. App. 4 Cir. 7/22/20) –So. 3d—2020 WL 4199728 (hereinafter *Precept*) (quoting *Arias v. Stolthaven New Orleans, LLC*, 08-1111, p. 5 (La. 5/5/09), 9 So. 3d 815, 818). Final default judgments are reviewed under the manifest error standard. *Id.*

Conversely, the denial of a motion for new trial is reviewed under the abuse of discretion standard. *Robertson v. Lafayette Ins. Co.*, 11-0975, p. 8 (La. App. 4 Cir. 2/8/12), 85 So. 3d 186, 191 (citation omitted). The trial court is granted wide discretion when deciding whether to grant a new trial. *Id.*, La. C.C.P. Art. 1973. "'The abuse of discretion standard is highly deferential, but a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law.'" *Autin v. Voronkova*, 2015-0407, p. 4 (La. App. 4 Cir. 10/21/15), 177 So. 3d 1067, 1070 (quoting *LCR–M Limited Partnership v. Jim Hotard Properties, L.L.C.*, 13–0483, p. 9 (La. App. 4 Cir. 10/9/13), 126 So.3d 668, 675).

## I. Default Judgment

In her first assignment of error, Appellant asserts the trial court erred in granting the default judgment because the petition to quiet title was not supported by a *prima facie* showing. Specifically, Appellant argues that Appellee falsely claimed ownership of the property in the petition and failed to file credible evidence sufficient to determine the tax sale parties and their respective interests.

*Claim of Ownership*

Appellant argues that in the petition for default judgment, Appellee falsely claimed the tax title converted to ownership. Per Appellant, ownership conversion before the filing of the petition can only occur according to certain notice practices outlined in La. R. S. Ann. §47:2121(C)(1) and La. R. S. Ann. §47:2122(4); therefore, Appellant's claim of ownership was false.

According to Appellant, Appellee was claiming "simultaneous conversion" of the tax title to ownership in her petition by using ownership language, and this was fraudulent because due notification had not occurred. The relevant portion of La. R. S. Ann. §47:2121C(1) states, "If the tax sale property is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interests, claims, or encumbrances held by all *duly notified persons*" (emphasis added). Louisiana Revised Statute 47:2122(4) defines "duly notified" as, "an effort meeting the requirements of due process of law [ ] made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R. S. 47:2266…."

5

Appellant argues simultaneous conversion only occurs when notice is carried out via La. R. S. Ann. §47:2156 which requires:

> A. Within the applicable redemptive period, the tax sale purchaser may send a written notice to any or all tax sale parties notifying the parties of the sale.
>
> ***
>
> B. (1)(b) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, the tax collector shall within ninety days of the expiration of the redemptive period provide written notice to each tax notice party that tax sale title to the property has been sold at tax sale.

Appellant's argument that, as defendants, they were entitled to written notice ninety (90) days prior to the expiration of the redemptive period per § 47:2156(B)(1)(b) is without merit. The ninety-day notice requirement was an amendment added on June 19, 2019. The amendment became effective on August 15, 2019. Because the sale at issue in this case took place in 2017, this amendment is not applicable to this case. The law in effect on the date of the sale is controlling. *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 10 (La. 6/27/17), 225 So. 3d 441, 448.[1]

The claim of ownership in Appellee's petition for default judgment is a term of art used in these petitions.[2] The claim of ownership is a conclusion based upon certain milestones being met. Appellee's petition clearly states she is seeking full ownership and lays out the actions taken to acquire ownership. Her petition is in line with similarly filed petitions.

---

[1] Wherein the Louisiana Supreme Court explained that, "it is the language in effect at the time of the tax sale … that applies to this sale," and subsequently reversed the appellate court's ruling that insufficient notice occurred.

[2] This Court reviewed prior petitions of the same nature to confirm the use of the ownership language.

*Admissible Evidence*

Appellant next argues that the trial court violated La. C. E. art. 1101 by relying upon inadmissible evidence and unsupported claims because it relied on unauthenticated evidence to establish prior ownership and their interests in the property.

Article 1101 outlines the applicability of the code of evidence to different branches of law. This has no bearing on the case because the applicability of the code of evidence is not in question.

The more applicable law is La. C. C. P. art. 1702A(1) which provides that a default judgment may be granted if: 1) "a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court," and 2) "the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record", as long as "notice that the plaintiff intends to obtain a default judgment is sent…."

Regarding the sufficiency of the evidence, the petition to quiet title must contain:

> [A] description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation.

La. Stat. Ann. § 47:2266A. "A certified copy of the tax sale certificate is prima facie evidence of the regularity of all matters regarding the tax sale and the validity

7

of the tax sale." La. R.S. Ann. § 47:2155B. A live hearing and submission of the evidence on the record is also necessary to establish a *prima facie* case. *Precept*, WL 4199728 at p. 7.

Appellee submitted a certified copy of the tax sale as evidence. Additionally, Appellee provided live testimony at the hearing on the petition. All defendants were duly served with the petition and thus notified in accordance with La. R.S. 43:2122(4). The certified tax sale certificate was *prima facie* evidence, the defendants were timely and duly notified and failed to answer or make an appearance. A live hearing was conducted and competent evidence was entered into the record. Thus, we find that the trial court did not err in granting the default judgment in favor of Appellee.

## II.    Motion for New Trial

In the second assignment of error, Appellant asserts the trial court erred in denying the request for a new trial. Specifically, Appellant argues: 1) the trial court abused its discretion by denying Appellant's constitutional right to a full three-year tax sale redemption period; 2) Appellant provided an absolute defense, thus negating the need for "good" reasons for a new trial; 3) Appellant provided a contention of "ill-practice;" 4) the trial court improperly took judicial notice of City Hall's reopening for redemption requests; and 5) a notice of *lis pendens* has no effect on a timely redeemed tax sale.

*Full Three-Year Redemption Period*

Because the tax sale was registered on June 13, 2017, the three-year redemptive period originally expired on June 13, 2020. This was later extended to July 5, 2020, in response to the Covid-19 pandemic. La. R. S. Ann. §9:5828, et seq. Thus, Appellant had until July 5, 2020, to affect a redemption. However,

8

Appellant did not pay off the redemption total until more than a month later on August 26, 2020. Appellant claimed she tried to get a complete payoff calculation but was stymied in her redemption attempts through no fault of her own, due to the pandemic-related closures until August 17, 2020. She further stated that the trial court abused its discretion by insisting the redemption payment could have been mailed and redeemed by March 31, 2020 – four months before the three-year redemption period tolled.

Appellant misunderstood the trial court's reasoning. The trial court was not insisting the payment had to be made by March 31, 2020; but rather, questioned why Appellant did not mail in the payment she claimed to have by the March deadline. The trial court further highlighted Appellant's emails were sent to an invalid email address and could have been corrected by Appellant.[3] After reviewing and considering Appellant's reasons for paying after July 5, 2020, the trial court found there was no error on the part of the City that hindered Appellant's ability to pay, but rather, Appellant's own acts led to the failure to redeem in a timely manner. The court further reasoned there were no equitable reasons to allow for redemption beyond the three-year period.

The trial court did not unconstitutionally limit the redemption period, but rather took into consideration all factors Appellant provided for not paying on time—including her failure to mail in her payment based on the initial redemption calculation—and made a reasoned determination that a new trial was not warranted.

---

[3] Appellant typed the email domain as "@nola.nola.com" rather than "@nola.com."

*Good Reasons for a New Trial*

Generally, a new trial may be granted if a party provides good grounds for the new trial. La. C. C. P. art. 1973. If the party seeking a new trial provides an absolute defense or a contention of ill-practice, then good grounds for a new trial exist. *Hardy v. Kidder*, 292 So. 2d 575, 579 (La. 1973). Appellant asserts the redemption paid on August 26, 2020 serves as an absolute defense, and further argues, Appellee was aware the tax sale had been redeemed and failed to disclose this fact to the trial court, thus engaging in an ill-practice.

The Louisiana Supreme Court, in *Hardy*, did not state that an absolute defense was always a good ground for a new trial. The Court specifically stated that the absolute defense which was not timely pled, "solely because of the neglect of counsel," created a good ground. *Hardy*, 292 So. 2d at 579. In *Hardy*, the Court reasoned that the attorney's failure to present the defense was not the client's fault. *Id*. In the current case, Appellant did not allege there was neglect by her attorney.

In the instant case, this Court finds the case of *DeFrances v. Gauthier*, 220 La. 145, 55 So.2d 896 (1951) more on point. In *DeFrances*, the defendant failed to appear timely and urge his defense. 55 So. 2d at 897. The defendant offered no explanation for failing to timely appear. *Id*. The Court reasoned that the cause of the defendant's non-appearance was due to his own neglect in appearing or in retaining an attorney, rather than any reasonable reliance upon a neglectful attorney timely retained and therefore a good ground for a new trial was not established. *Hardy*, 292 So. 2d at 579 (contextualizing *DeFrances*).

In the current case, Appellant did not answer the petition in any way, not even after making the redemption payment. Instead, Appellant waited until after the default judgment to act and assert an absolute defense. Appellant's failure to

10

act was not due to inability or poor legal advice, but rather the result of a personal choice not to act. The absolute defense does not exist to create good cause.

Appellant's contention that Appellee committed ill-practice by not disclosing the redemption is not supported by the record. There is no evidence in the record that the City mailed, or that Appellee received, any notice of the redemption payment.

*Judicial Notice*

Appellant next asserts the trial court erred in taking judicial notice that city hall was open to the public on July 5, 2020, because it is a disputed fact that city hall was indeed open to the public on that date. Appellant asserts the Bureau of Treasury, specifically, was not open to provide a new redemption calculation until mid-August and outlined attempts she made to try and get a new calculation. The trial court, despite Appellant's, claim noted that city hall was open to the public on July 5, 2020, and Appellant could have made a payment.

In this case, the trial court did not specifically state it was taking judicial notice of the date city hall was open to the public, but did dismiss Appellant's assertion that city hall was closed to the public on a particular date. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) Generally known within the territorial jurisdiction of the trial court; or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." La. C. Evid. Ann. art. 201. Furthermore, the court may take judicial notice of governmental websites. *Daurbigney v. Liberty Pers. Ins. Co.*, 2018-929, p. 2 (La. App. 3 Cir. 5/9/19), 272 So. 3d 69, 71 n. 1.

Appellant's claim that city hall was closed to the public is not a disputable fact because knowledge of city hall's operations was capable of ready

11

determination by reviewing the City of New Orleans official website. A review of mandates issued by the Mayor's Office for the City of New Orleans does not indicate any closing of city hall to the public; but rather, limited public access and it, in turn, had set up online resources per a press release dated March 15, 2020.[4] No proclamations or mandates closed city hall or any offices. Additionally, there were no press releases announcing the closing (or reopening) of the bureau of treasury. It is also notable, that Appellant specifically referred to appearing at city hall in person. The trial court referenced the fact that Appellant had options beyond personally appearing at city hall and failed to make use of those options.

Appellant's assertion that the trial court erred by improperly taking judicial notice of the opening of city hall is without merit.

*Lis Pendens*

Lastly, Appellant asserts the trial court erred in determining that Appellee's notice of *lis pendens* filed on July 30, 2020, precluded any effect of Appellant's later-occurring redemption. Appellant first claims a redemption of a tax sale is not a transfer[5] as contemplated by La. R.S. 47:2266, but rather a dissolution of rights and cannot be prevented by a notice of *lis pendens*.

Appellant's argument fails because a legally valid tax sale, "is beyond attack and becomes indefensible after the period of redemption … has expired." *Meshell v. Bauer*, 215 La. 619, 624, 41 So. 2d 237, 239 (1949). Appellant's redemption was ultimately extended to July 20, 2020. She failed to redeem within that time

---

[4] Mayor's Office, https://nola.gov/mayor/news/march-2020/mayor-cantrell-updates-residents-on-response-to-covid-19-outbreak-en/ (last visited Jan. 21, 2022).
[5] Appellant used the term "new transfer;" however, there is no mention in statute or in the brief of why the transfer must be "new."

12

despite having alternative methods for redemption. The redemption was untimely and therefore the notice of *lis pendens* was effective.

The trial court did not err in denying Appellant's motion for new trial.

## CONCLUSION

Based on the aforementioned, we find that the trial court did not err in granting the default judgment to quiet title because Appellee made a *prima facie* showing sufficient to justify the granting of a default judgment. There were no false claims of ownership, notice was proper and duly served.

Furthermore, the trial court did not err in denying the motion for new trial because good grounds did not exist to grant the new trial.

Thus, for the foregoing reasons, we affirm the judgments of the trial court.

**AFFIRMED**