292 So.2d 575 (1973)
Abel HARDY, Sr., et al.
v.
Raymond KIDDER.
No. 52981.
Supreme Court of Louisiana.
September 24, 1973.
On Rehearing March 25, 1974.
Dissenting Opinion on Rehearing April 4, 1974.
Rehearing Denied April 26, 1974.
*576 Lawrence B. Sandoz, Jr., Sandoz, Sandoz & Schiff, Opelousas, for defendants-applicants.
Paul J. Hardy, Willis & Hardy, St. Martinville, for plaintiff-respondent.
MARCUS, Justice.
The sole issue for our consideration in this proceeding is whether the trial judge abused his discretion in denying defendant's motion for a new trial under the circumstances where a default judgment had been confirmed and the failure to answer plaintiff's petition and plead the special defense of a prior discharge in bankruptcy was through the sole neglect of defendant's retained counsel. It is contended that the trial judge abused his discretion since there existed "good ground" for a new trial under Article 1973 of the Code of Civil Procedure.
On July 18, 1969, a suit was filed in the 27th Judicial District Court for the Parish of St. Landry seeking damages resulting from a motor collision. Shortly thereafter, defendant instituted bankruptcy proceedings in the United States District Court, Western District of Louisiana, and was adjudged a bankrupt on September 12, 1969. The present claim was listed in the schedules filed in said proceedings. On September 23, 1969, defendant, through his counsel, obtained a stay order in these proceedings "until the question of the bankrupt's discharge is determined by the United States District Court, or the bankrupt waives or losses his right to a discharge, all as provided by Section 11 A of the Bankruptcy Act." Defendant Kidder was granted a discharge in bankruptcy on August 18, 1970.
Plaintiff had a judgment by default entered against defendant on November 20, 1970, which was confirmed on February 19, 1971. Evidence was presented at the time of the confirmation that Kidder had been granted a discharge in bankruptcy on August 18, 1970.
A timely motion for a new trial was filed on behalf of Kidder on February 25, 1971, in which it is averred:
"* * * that the judgment rendered and signed on the 19th day of February, 1971, is clearly contrary to the law and the evidence and upon further suggesting that there is good grounds for a new trial, in accordance with Article 1973 of the Code of Civil Procedure."
The motion for a new trial was denied. On appeal, this ruling was affirmed. Hardy v. Kidder, 267 So.2d 582. We granted certiorari, 263 La. 622, 268 So.2d 678.
Defendant's contention is ably stated by the Court of Appeal:
"Defendant asserts that he had a good defense to the suit which was not presented due to his attorney's oversight and neglect in failing to file an answer to plaintiff's petition. He contends that his discharge in bankruptcy is a valid defense which was available and could have been proved by substantial evidence, and that this defense was not presented solely because of the neglect or oversight of his retained counsel. He argues that under those circumstances justice demands that a new trial be ordered, and that the trial judge abused his discretion in failing to do so."
Our Code of Civil Procedure provides in Article 1971 that a new trial may be granted, upon contradictory motion of any party or by the court on its own motion. The peremptory grounds for granting a new trial are set forth in Article 1972 C.C.P., a codification of Article 560 of the Code of Practice. The discretionary grounds for a *577 new trial are stated in Article 1973 C.C.P. (formerly Article 558 of the Code of Practice):
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
Kidder does not urge any of the peremptory grounds for granting a new trial as delineated in Article 1972. Rather, he relies upon the discretionary grounds in Article 1973, averring that the neglect of counsel to answer and plead his discharge in bankruptcy was "good ground" therefor, and the denial by the trial judge was an abuse of this discretion upon the facts of this case.
It is recognized by defendant that a defense which must be specially pleaded under the express provisions of Article 1005 of the Code of Civil Procedure. However, notwithstanding this procedural requirement, defendant submits that both the trial court and the Court of Appeal committed manifest error in failing to grant a new trial.
No evidence was presented at the hearing for a new trial. Defendant's sole contention is that the neglect of his retained counsel to answer and plead the affirmative defense of his discharge in bankruptcy was "good ground" for the granting of a new trial and that the trial judge's failure to grant a new trial under these circumstances constituted an abuse of his discretion. We are unable to agree with this contention. Defendant does not attempt to offer any explanation for his counsel's failure to plead except his neglect or oversight. There is no contention of any misunderstanding, ill-practice, etc. The default judgment was not confirmed until some six months after defendant's discharge in bankruptcy. There simply was no excuse for his counsel's failure to plead within this time period. We cannot accept the simple allegation of neglect or oversight with no further explanation to warrant our holding that the trial judge abused his discretion in not granting a new trial. Furthermore, the default judgment was confirmed in strict conformity with all the requirements of law.
It is only where the discretion allowed to the trial judge has been abused that an appellate court should interfere with the exercise of that discretion.
We stated in DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951):
"It is well settled that he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit."
It would be improper for this Court to say under the facts of this case that the trial judge abused his discretion in denying a new trial.
For the foregoing reasons, the judgment of the Court of Appeal is affirmed.
DIXON and CALOGERO, JJ., dissent.

ON REHEARING
TATE, Justice.
The sole issue is whether the trial judge erred in denying defendant's motion for a new trial under the circumstances here shown.
*578 In 1968, the plaintiff Hardy's then-minor daughter was injured when the defendant Kidder's automobile hit the motorcycle on which the Hardy girl was riding. In 1969, Hardy sued Kidder for her personal injuries and his medical expenses.
Shortly afterwards, the defendant Kidder filed for bankruptcy. On September 23, 1969, his attorneys, after alleging these facts, obtained a stay of further proceedings in this suit pending final discharge (or not) of the bankrupt in federal bankruptcy court.
On November 20, 1970, a preliminary default was taken by the plaintiff Hardy against Kidder. On February 19, 1971 the case was fixed for confirmation, and evidence educed of Kidder's fault and the damages. The evidence included a letter from the defendant Kidder's trustee in bankruptcy that the bankrupt was discharged from his debts, including that sought by the present suit. P-13, Tr. 36. Judgment was then entered in favor of the plaintiff in the amount of $32,794.78.
On the same date, a notice of judgment was issued notifying the defendant Kidder of the judgment rendered against him. This was required, since he had previously received only domiciliary service of the suit. La.C.Civ.P. art. 1913. (No notice was given him or his attorneys of the preliminary default taken nor of the intention to confirm the default; however, none is required by statute.)
The notice of judgment was served on the defendant Kidder on February 24th. The next day his attorneys timely applied for a new trial, alleging that good grounds existed therefor under La.C.Civ.P. art. 1973. This article provides: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
In Official Revision Comment (d) to Article 1971, describing this discretionary ground for a new trial, the redactors stated: "Although the trial judge has much discretion regarding applications for a new trial, in a case of manifest abuse the appellate court will not hesitate to set the trial court's ruling aside, or grant a new trial when timely applied for. Succession of Robinson, 186 La. 389, 172 So. 429 (1937). Cf. Elchinger v. Lacroix, 192 La. 908, 189 So. 572 (1939); Weinberger Sales Co. v. Truett, 2 So.2d 699 (La.App. 1941)."
The decisions cited are instructive as to the legislative intention, in the light of which should be interpreted the discretionary power of a trial court to grant a new trial under Article 1973 for "good ground".
In reversing the trial court's refusal to grant a new trial and remanding it for such purpose, our court unanimously stated in Succession of Robinson, cited above, at 172 So. 431-432: "The trial judge's ruling is subject to review and is not final, and where an injustice is done and substantial rights are lost through mere technicalities, it is our duty to interfere. Such arbitrary and harsh rulings prolong litigation and do not end it, as is shown by the cases themselves. There may be some early cases in which the court strictly applied the letter of the law in similar instances, but the later authorities hold to the contrary. The modern trend of the jurisprudence is to render justice upon the merits of the controversy, rather than defeat justice upon technicalities."
Similarly, in Elchinger v. Lacroix, cited above, the court reversed a trial court's denial of a new ground application filed the day after a preliminary default was confirmed. The defendant alleged that her counsel had failed to appear through misunderstanding or accident. Although her attorney purported to rely upon an oral understanding with opposing counsel which by district court rule had to be in writing, we stated, through Chief Justice O'Niell, 189 So. 574: "The rule does not stand in the way of the granting of a new trial, in *579 the interest of justice, where a judgment has gone by default against the defendant because of a misunderstanding on the part of his or her attorney * * *."
Similarly, the last-cited case, Weinberger Sales v. Truett affirmed the granting of a new trial which, upon timely application, set aside a confirmation of default. The defendant's counsel had failed to file pleadings through his own neglect. Nevertheless, citing decisions holding it to the duty of the trial court to grant a new trial in the interests of justice, the court noted, 2 So.2d 702: "Lawsuits are not games in which courts are the mere referees or umpires, and in which technicalities must be allowed to triumph over actual justice. It is our duty to permit litigants all reasonable opportunity to place before us all facts bearing on the issues involved. Manifestly, the substantive rights of the defendants here would have been denied them by a refusal of a new trial * * *."
Reverting to the present facts, we see: (1) that, had it been pleaded before judgment, see La.C.Civ.P. art. 1005, the defendant's discharge in bankruptcy was an absolute defense to the suit; (2) that the defendant had initially appeared through counsel and secured a stay of proceedings in this suit pending determination of discharge, or not, of him of this debt by the bankruptcy court; (3) that, as the pre-confirmation proceedings themselves disclose, the defendant had subsequently received a final discharge in bankruptcy, which constituted an absolute defense to this suit; and (4) that no notice was given to the defendant or his attorneys that, despite this discharge, the plaintiffs intended to take a preliminary default and to confirm it.
As to (4), no notice is required by law. We are concerned not with any legal requirement of notice, however, but rather with whether, in the interests of justice, a timely application for a new trial should be granted where, upon the face of the proceedings themselves, the defendant is shown to have an absolute defense to a suit, which has not been pleaded through the neglect of his attorney or because of the latter's careless appreciation that the plaintiffs would not, after discharge, pursue efforts to obtain a judgment for a debt finally discharged in bankruptcy. See 28 La.L.Rev. 412 (1968).
Under the jurisprudence cited, this constitutes good ground for the grant of a new trial, upon timely application, in the interests of justice. To let stand a judgment to which the proceedings themselves show there to be an absolute defense, which was not pleaded solely because of the neglect of counsel, is to let stand a judgment which is substantively erroneous, only because of violation of a technical pleading rule which results from counsel's neglect rather than from the client's fault. As stated by Article 5051 of the Code of Civil Procedure of 1960: "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
In our opinion on original hearing, we relied upon DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951). We were in error in so doing. Aside from its being decided before enactment of the 1960 Code, the decision is distinguishable because, there, the defendant did not appear until after judgment to indicate he had a possible defense to the action. Insofar as the opinion shows, the cause of his non-appearance prior to the confirmation to the default was his own neglect in appearing or in retaining an attorney, rather than any reasonable reliance by him upon a neglectful attorney timely retained.
For the foregoing reasons, therefore, we reverse the previous court's denial of the timely motion for a new trial; the case is remanded to the district court for a new trial. The costs of the confirmation of the default are taxed to the defendant; the costs of appellate review are taxed to the *580 plaintiffs; all other costs are to await the final determination of these proceedings.
Reversed and remanded for a new trial.
SANDERS, C. J., dissents, adhering to the reasons assigned by the court on original hearing.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents for reasons assigned on original hearing.
SUMMERS, Justice (dissenting).
I dissent from the majority opinion on rehearing and adhere to the reasons assigned by Mr. Justice Marcus in the original opinion handed down by this Court. There has been no manifest abuse of the much discretion allowed the trial judge in ruling on a motion for a new trial.
Even the discovery of important evidence since the trial will not warrant the granting of a new trial unless the mover establishes that he could not "with due diligence" have obtained the evidence before or during the trial. La.Code Civ.P. Art. 1972. In my view the carelessness and gross neglect the facts of this case demonstrate does not satisfy the spirit of the Code which requires due diligence on the part of the mover as a prerequisite to his entitlement to a new trial.
If we are going to permit this type carelessness and error to be excused by granting a new trial to do "justice", the courts will be effectively nullifying the many safeguards which are designed to assure some measure of finality to litigation and stability to the judicial process.
Surely, if it is a question of technicalities, the escape from this obligation by bankruptcy is just as much a technicality as granting defendant a new trial. By granting a new trial the Court denies plaintiffs the benefit of technicalities in the law and at the same time permits defendant the benefit of a technicality. If it is justice the Court wants to do, I would say make the bankrupt repair the damage and harm to the Hardy girl.