445 So.2d 79 (1984)
TERRA BUILDERS, INC., Plaintiff-Appellee,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellant.
No. 15903-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Writ Denied March 16, 1984.
*80 Madison, Garrett, Brandon, Hamaker & Tugwell by Merwin M. Brandon, Jr., Bastrop, for defendant-appellant.
Herman L. Lawson and Steven R. Thomas, Mansfield, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
HALL, Judge.
The defendant, International Paper Company, appeals from a $245,000 default judgment rendered in a suit for breach of contract, contending that the trial court abused its discretion in refusing to grant defendant a new trial and that the evidence offered by the plaintiff upon confirmation of the default was insufficient to support the judgment rendered. Under the circumstances of this case, we hold the trial court abused its discretion in failing to grant a new trial and remand the action for a new trial.
Plaintiff filed this breach of contract suit on October 15, 1982. In its petition, the plaintiff alleged that it contracted with the defendant to build housing for the defendant's employees in the Mansfield area. The plaintiff further alleged that the defendant refused to honor its verbal commitment to allow the plaintiff to build additional housing at a higher price to offset plaintiff's losses under the construction contract at issue, and refused to pay the plaintiff for certain "extras" included at defendant's request in the houses built by the plaintiff for the defendant under the disputed contract. Plaintiff sought recovery of $118,000 for its losses incurred in constructing and selling houses to defendant's employees at prices below market value and $127,000 in compensation for the "extras" included in the houses.
On November 9, 1982, counsel for the defendant filed a motion for an extension of time in which to answer which was granted and the defendant was given until December 7, 1982, to file an answer. By letter dated November 30, 1982, counsel for the defendant informed counsel for the plaintiff that an answer would follow shortly and served upon the plaintiff a detailed set of interrogatories. The defendant's counsel granted the plaintiff's counsel several informal extensions of time in which to answer these interrogatories. Answers to the interrogatories were filed on January 14, 1983. By letter dated January 28, 1983, counsel for the defendant acknowledged receipt of these answers and stated that an answer would be filed within 10 days. No answer having been filed as of May 3, 1983, counsel for the plaintiff, without notice to opposing counsel, entered a preliminary default on that date which was confirmed on May 6, 1983.
On May 16, 1983, the defendant timely filed a motion for new trial alleging the neglect of defense counsel, the insufficiency of the evidence presented by the plaintiff, and the existence of valid defenses to plaintiff's suit. After a hearing, the district court overruled the motion and the defendant appealed.
Initially, we note that counsel for the appellant makes no contention that the taking of the default judgment in this case violated any agreement or understanding between counsel for the respective parties, or that there was any ill practice in any respect on the part of plaintiff's counsel. Instead, the issue presented for our consideration is whether the trial court committed an abuse of discretion in refusing to set aside the properly entered default judgment and to grant the appellant a new trial. Under the facts of this case, we find an abuse of discretion occurred.
Our determination is guided by the principles authoritatively enunciated in the recent case of Lamb v. Lamb, 430 So.2d 51 (La.1983), in which the Supreme Court held *81 that the district court abused its discretion in refusing to grant a new trial to the defendant-wife against whom a separation judgment was rendered by default because of her attorney's neglect in failing to file an answer. The court held:
"La.C.C.P. art. 1973 provides that the trial court may grant a new trial if there exists good grounds therefor. A proper application of this article necessitates an examination of the facts and circumstances of the individual case. When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir. 1981); Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980); Shows v. Williamson, 256 So.2d 688 (La.App. 2nd Cir. 1972); See Hardy v. Kidder, 292 So.2d 575 (La.1973); Succession of Robinson, 186 La. 389, 172 So. 429 (1936). We have recognized that the court has much discretion regarding this determination. However, this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse. La.C.C.P. art. 1971 comment (d); Hardy v. Kidder, 292 So.2d 575 (La.1973); DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (La. 1951).
"With respect to cases, such as the one at bar, wherein a timely motion for new trial is denied after the proper confirmation of a default judgment, this court has been particularly cautious in examining the circumstances underlying the judgment due to the general policy consideration, weighing in the defendant favor, that every litigant should be allowed his day in court. In Hardy v. Kidder, 292 So.2d 575 (La.1973), for example, we reversed the trial court's denial of a new trial application which had been timely filed after a preliminary default was confirmed. We found that the defendant should not have been denied the opportunity to assert his absolute defense to the plaintiff's suit where the failure to plead the defense was the result of his attorney's neglect rather than the client's fault.
"However, not every motion for new trial timely filed after a default judgment warrants the granting of a new trial, for not every case involves a miscarriage of justice. Certainly, the mere failure to file an answer, without more, is not sufficient grounds to grant a new trial. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (La.1951); Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459 (1924)." Id. at 53.
In holding that a miscarriage of justice would result by depriving the defendant-wife of the opportunity to defend the case on the merits, the court emphasized the following factors:
(1) The client did not realize until after the confirmation of the default that her attorney had failed to file an answer;
(2) The defendant-wife hired an attorney to represent her and relied upon him to file an answer. Her attorney not only neglected to file an answer but also failed to notify his client of a letter from opposing counsel requesting an answer;
(3) The wife disputed her husband's allegations and had filed a separate lawsuit against him for a separation; and
(4) In spite of his knowledge that the wife desired to contest her husband's suit for separation and had very recently discharged her attorney, the husband's counsel proceeded to take the preliminary default without notice to Mrs. Lamb and confirmed the default the day after she had retained new counsel.
Similarly, there are several factors underlying the default judgment rendered in this case which weigh heavily in favor of permitting the defendant the opportunity to defend on the merits:
(1) It does not appear that the defendant had notice that an answer had not been filed or that plaintiff intended to take a default. The defendant did not realize until after confirmation of the default that its attorney had failed to file an answer.
*82 (2) The failure of the defendant to file an answer is in no way attributable to its own neglect, as defendant relied on its retained counsel to represent it in this matter by filing the appropriate pleadings, including a timely answer. The taking and confirmation of this default judgment resulted from defense counsel's neglect.
(3) The plaintiff's claims under a complicated contractual arrangement involve a substantial sum, are disputed by the defendant on several serious grounds, and serious questions are raised as to the admissibility and sufficiency of the evidence offered upon confirmation of the default.
The fourth factor of overly-aggressive action on the part of plaintiff's counsel found in the Lamb case does not exist in this case. There is no contention that counsel for plaintiff should have, as a matter of professional courtesy or otherwise, given defendant's counsel notice of his intention to take a default. Plaintiff's counsel proceeded in accordance with his responsibility to act on his client's instructions and in his client's best interest. See Code of Professional Responsibility, Canon 5, EC 5-1, Canon 7, EC 7-7.
In light of the circumstances of this case, we conclude the trial court abused its discretion in denying the defendant's new trial application. A miscarriage of justice will result if the defendant is not afforded the opportunity to defend this substantial and complex action on its merits. Defendant was victimized by the inattention and neglect of its attorney, and there was no neglect on the part of the defendant. To allow the $245,000 default judgment to stand would, as stated in Lamb, "permit technical pleading rules to triumph over actual justice."
See also Bell v. Holdcraft, 196 So. 379 (La.App.2d Cir.1940), an earlier decision of this court, in which a default judgment was set aside on appeal. The court held that the interest of justice would best be served by remanding the case in order that the defendant, who was a victim of his lawyer's neglect, might have his day in court.
Therefore, we reverse the trial court's denial of the defendant's new trial motion, grant the motion for new trial, and remand the case to the district court for further proceedings. The costs of this appeal are assessed to the defendant.
Reversed and remanded.