jjDECUIR, Judge.
This is an appeal by plaintiff, Sidney Berry, Jr. from a judgment denying plaintiffs motion to revive his personal injury claim. Sidney Berry filed a damage suit against Rev. Joshua G. Frank, Jr. and New Zion Baptist Church. The matter was set for trial on January 29, 1991. A third party demand was filed on that same date against American Global Insurance Company. Neither party appeared for the scheduled trial. The trial judge issued the following per curiam:

PER CURIAM

This matter was regularly scheduled for trial on this day pursuant to a pretrial order that was issued on January 29, 1990. A pretrial was held on December 27, 1990. Both counsel sought continuances at that time with leave of Court to permit the defendant to file a third party demand. The Court denied the request, conducted the pretrial and informed both counsel the case would be tried as scheduled on January 29, 1991.
No one appeared for trial. Accordingly, the Court enters an involuntary dismissal with prejudice. Costs are to be taxed to the plaintiff.
Opelousas, Louisiana, this 29th day of January, 1991.
Robert Brinkman, Judge 27th Judicial District Court, Division “D”
|2The trial court issued another per curiam on February 14, 1991, expounding on its reasons for the first per curiam.
A third per curiam, dated May 7, 1991, explains the further procedural developments that took place in the case:
A hearing was scheduled on May 3,1991 in this matter to ascertain whether the Court should recall its prior per curiam which dismissed this ease based on the non-appearance at trial of counsel for the plaintiff and counsel for Rev. Frank and his church. A formal judgment of dismissal has not been signed and filed. At the hearing Ms. Frank testified that the Court informed the attorneys at the pretrial that the trial of the case would be held on February 28, 1991. The pretrial order reflected a trial date of January 29, 1991. At this point, it became obvious that I would be a necessary witness.
Accordingly, I voluntarily recused myself from this case. The matter would normally be referred to Judge Joseph A. LaHaye of Division B pursuant to local rules. But I’ve discussed the matter with Judge LaHaye prior to reaching a decision *481 to voluntarily recuse myself; accordingly, this matter is referred to Judge Preston N. Aucoin of the 13th Judicial District Court who is empowered to act in this parish and who has agreed to hear the matter. All requests for hearing or any other matter pertaining to the case should be referred to Judge Aucoin.
After a hearing before Judge Aucoin to determine whether Judge Brinkman’s first per curiam should be recalled, the judge dismissed the case. Judge Aucoin ruled that the per curiam was a final, appealable judgment and “a matter adjudged, judicially decided, and settled.” Judge Aucoin then signed a formal judgment to this effect. Plaintiff appealed Judge Aucoin’s judgment. On appeal this court held that Judge Brink-man’s per curiam was not a final judgment and reversed and remanded for further proceedings 617 So.2d 991. After a hearing on plaintiffs motion to revive his claim, Judge Aucoin denied plaintiffs motion and dismissed the suit with prejudice. Plaintiff now appeals Judge Aucoin’s latest judgment.
The issues before the court are whether a trial judge is empowered to dismiss a suit with prejudice on its own motion and, if so, whether the trial court abused its discretion in dismissing plaintiffs suit with prejudice.
I a At the hearing, defendants made oral motions to dismiss plaintiffs suit for failure to appear at trial, pursuant to La.Code Civ.P. art. 1672. We note that at the time of the scheduled trial date, American Global, third party defendant, had not been served with the petition or third party demand. Judge Aucoin denied defendants’ motions and proceeded to issue reasons. Judge Aucoin made the following findings: The matter was scheduled for trial on January 29,1991. The parties received notice of this trial date in a pretrial order. At the pretrial conference held on December 27,1990, both plaintiff and defendants Frank and New Zion Baptist Church requested a continuance which was denied by Judge Brinkman. There was never a written notice cancelling the January 29, 1991 trial date. Finally, neither party appeared for the trial.
The record reflects at the pretrial conference on December 27,1990, counsel for plaintiff stated the basis for the request for a continuance was additional time was needed to make the Church’s liability insurer a party. Defendants’ counsel concurred. It appears from the record that the name of the insurer was known and the insurer could have been named in the suit well before the time of the pretrial conference. Although Judge Brinkman denied the request for continuance, he informed both counsel that if the Church’s insurer was made a party, he would consider only the insurer’s request for a continuance. The third party demand was not filed immediately. Interestingly, the third party demand was filed on the day of the trial, January 29, 1991.
Judge Aucoin accepted the testimony of Judge Brinkman, and the record reflects, that this matter had previously been set for trial on February 28,1990, but was continued to January 29, 1991, upon the request of the parties. The parties requested another continuance of the January 29, 1991 trial date, and Judge Brinkman specifically recalls denying this request. Nevertheless, counsel for plaintiff and defendants testified it was their understanding the trial was set for February 28, |41991. We note the record is devoid of any other evidence the trial was ever set for February 28, 1991. Incredibly, despite the fact that both counsel received a pretrial order reflecting the January 1991 trial date, and never received notice of the alleged February 1991 trial date, neither party contacted Judge Brinkman regarding the alleged February 1991 fixing. The record reflects it was Judge Brinkman’s opinion that counsel for both plaintiff and defendants deliberately did not appear on the scheduled trial date in order to obtain a continuance that he previously denied.
Judge Aucoin found that the attorneys had conspired to improperly obtain the continuance denied them by the recused court, and that they deliberately absented themselves on the day set for trial. Judge Aucoin concluded that the trial court may dismiss a suit on its own motion, and stated that to hold otherwise would permit the parties to dictate to the court and would tend to render the power of the trial court meaningless.
*482 While we can perceive no error in Judge Aucoin’s finding of fact, we have determined that this wrongdoing, as to plaintiffs attorney, should not be visited on the plaintiff himself so as to deprive him of his day in court. Perhaps a more appropriate action available to the trial court would have been contempt proceedings pursuant to La.Code Civ.P. art. 221, et seq.
In Hardy v. Kidder, 292 So.2d 575 (La.1974) and Lamb v. Lamb, 430 So.2d 51 (La.1983), the supreme court held that it was an abuse of discretion for the lower courts to deny a new trial for defendants who had never had their day in court due to the neglect of counsel, under circumstances where the client was not guilty of any fault whatsoever. Both cases held that to deny a new trial was to allow justice to be defeated upon technicalities, rather than be rendered on the merits, and allow technical pleading rules to triumph over actual justice. The same concern for simple justice should determine our disposition of the present ease, for there is no indication |5in this record that the plaintiff, Sidney Berry, Jr., was guilty of any fault whatsoever in not appearing for trial.
We reverse the judgment of the trial court and remand this case with instructions to proceed to trial.
Costs of this appeal shall be paid equally by the appellant and the appellee.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YELVERTON, J., concurs with reasons.