STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-73


HERIBERTO FLORES D/B/A HE FLORES CONSTRUCTION

VERSUS

BROWN BUILDERS, INC., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20161850
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.


AFFIRMED.

**Jerald R. Harper**
**Harper Law Firm**
**213 Texas St.**
**Shreveport, LA 71101**
**(318) 213-8800**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Brown Builders, Inc.**
    **Villa Broussard, LLC**

**Craig Lewis Kaster**
**Kaster & Cop, LLC**
**1076 Carney Road**
**Zachary, LA 70791**
**(225) 658-5450**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Heriberto Flores, d/b/a HE Flores Construction**

**GREMILLION, Judge.**

Defendants/appellants, Brown Builders, Inc., and Villa Broussard, LLC, (hereafter, "Defendants"), appeal the default judgment entered in favor of Heriberto Flores, d/b/a HE Flores Construction (HE Flores) in the amount of $35,996.00, plus legal interest and costs of court. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 8, 2016, HE Flores filed suit against Defendants, alleging that he provided framing services as a subcontractor of Southern Framing and Construction, Inc., which, in turn, was the alleged subcontractor of Brown Builders, Inc. Brown Builders, Inc. was alleged to have been the prime contractor hired by Villa Broussard, LLC, to build a project on 8.39 acres in the Sugarcrest Retail Development in Lafayette, Louisiana. HE Flores alleged ,in paragraph one of his petition, that Defendants were indebted to him for his framing services in the amount of $35,996.00, plus penalties, legal interest, court costs, and attorney fees, and prayed for that amount. In paragraph three, however, he alleged that the amount of labor and materials owed for the work was $35,811.00.[1]

On May 11, 2016, Mr. Flores requested entry of a preliminary default against Villa Broussard. A preliminary default was entered that same day. On May 25, 2016, a preliminary default was sought and entered against Brown Builders.

Mr. Flores requested a hearing date to confirm the defaults by letter dated June 1, 2016. The matter was fixed by the trial court for June 13, 2016.

---

[1] The difference between these amounts represents the filing fee for instituting suit, $185.00.

The trial court heard the testimony of Mr. Eduardo Flores, the brother of Heriberto Flores. Eduardo testified that he oversaw the seven-man crew of workmen who labored at the project from July 14, 2014 until August 12, 2014. Those men worked five days a week for ten hours a day, plus four hours a day on Saturdays and Sundays. Each employee was to be paid an additional $30.00 per day for food. HE Flores was hired by Southern Framing through "Kent and Larry," the owners of the company, to frame buildings at the rate of $0.85 per square foot. Buildings one and two each totaled 12,350 square feet. Building three measured 14,350 square feet. Eduardo submitted the time for the employees to Mr. Tony Panti of Southern Framing, who paid for the first three days of work at $0.85 per square foot. Nothing was paid after July 17, 2014.

Judgment was signed in open court on June 13, 2016. Defendants filed a motion for new trial arguing, principally, that they had emailed a copy of the petition to their counsel and counsel's spam filter intercepted the message. The trial court denied the motion for new trial on June 24, 2016, which was denied. This appeal followed. Defendants argue that the trial court erred in granting the default judgment and in denying its motion for new trial.

## ANALYSIS

Default judgments must be confirmed by proof sufficient to establish a prima facie case. La.Code Civ.P. art. 1702(A). On review, an appellate court is limited to determining whether the evidence was sufficient to establish a prima facie case, and the appellant must overcome a presumption that the evidence was sufficient. *Byrd v. Int'l Paper Co.*, 594 So.2d 961 (La.App. 3 Cir. 1992).

> Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." The elements of a prima facie case are

established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due.

*Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820 (Citations omitted).

Defendants contend that Mr. Heriberto Flores himself is required to appear and testify in order to establish a prima facie case. We disagree. The proper person to testify is the one with personal knowledge of the facts that will establish a prima facie case. Louisiana Code of Civil Procedure Article 1702 imposes no requirement that the plaintiff himself testify in cases other than delictual obligations; indeed, it allows proof of a conventional obligation in the form of affidavits and exhibits. La.Code Civ.P. art. 1702(B)(1). Eduardo Flores supervised the work performed by HE Flores's employees. He was present every day that work was performed.

Defendants next contend that it was never established in the record whether HE Flores Construction is a natural person, i.e., Mr. Flores himself, or a juridical person, such as a corporation or a limited liability company. The petition is captioned "Heriberto Flores, d/b/a HE Flores Construction." The plaintiff is alleged to be "a person of the full age of majority domiciled in Travis County, Texas." Eduardo testified that Heriberto Flores, his brother, owns and operates the construction business. The entry of judgment in favor of Heriberto Flores implies that the trial court was satisfied that the judgment was properly entered in favor of a natural person. We find no manifest error in this ruling.

3

HE Flores performed the framing on both buildings one and two. The amount due for that framing would total $20,995.00.[2] Building three totals 14,350 square feet. At $0.85 per square foot, the amount owed for framing it would equal $12,197.50. This means that the amount owed, based upon the evidence presented at the hearing on the confirmation of default, would only total $33,192.50. Additionally, Southern Framing was to have paid HE Flores $30.00 per day for meals for each of its eight employees, totaling $6,720.00. The sums owed for framing and *per diem* for meals well exceeds the amount of the judgment in this matter.

Defendants' second assignment of error complains of the trial court's denial of their motion for new trial. Motions for new trial are governed by La.Code Civ.P. art. 1971 et seq. The Code of Civil Procedure sets forth peremptory grounds for granting a new trial, La.Code Civ.P. art. 1972, and discretionary grounds, La.Code Civ.P. art. 1973. A new trial must be granted when the judgment appears clearly contrary to the law and evidence, when evidence important to the cause has been discovered since the trial, or when the jury was bribed or behaved improperly. "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." La.Code Civ.P. art. 1973. Much of Defendant's argument centers on statements made by HE Flores's attorney at the hearing of their motion for new trial. We first note that an axiom of Louisiana law holds that arguments of counsel do not constitute evidence. To the extent that HE Flores's attorney may have misstated facts in argument, it would be improper to consider them on motion for new trial; but the record divulges, based upon the facts we have already noted herein, that the judgment is not contrary to the law or evidence.

---

[2] Buildings one and two are each 12,350 sq.ft. in area. 24,700 sq.ft. * $0.85/sq.ft. = $20,995.00.

Defendants also assert that Louisiana case law holds that entry of a default judgment against a party solely through the fault of its attorney constitutes a "good ground" for granting new trial under *Hardy v. Kidder*, 292 So.2d 575 (La. 1973). We find that the present matter is readily distinguished from *Hardy*. In *Hardy*, the defendant, who was involved in a motor vehicle accident, filed bankruptcy and listed the plaintiff's claim in his bankruptcy proceeding schedules. Defendant's counsel had appeared in the proceedings to enforce the mandatory bankruptcy stay. Defendant's debts were discharged in bankruptcy in August 1970. Plaintiff confirmed a default judgment against the defendant in February 1971. Included in the evidence submitted in confirmation was a letter from the bankruptcy trustee advising that the defendant's debts had been discharged, including the personal injury claim.

> The supreme court held that:

> We are concerned not with any legal *requirement* of notice, however, but rather with whether, in the interests of justice, a timely application for a new trial should be granted where, upon the face of the proceedings themselves, the defendant is shown to have an absolute defense to a suit, which has not been pleaded through the neglect of his attorney or because of the latter's careless appreciation that the plaintiffs would not, after discharge, pursue efforts to obtain a judgment for a debt finally discharged in bankruptcy. See 28 La.L.Rev. 412 (1968).

> Under the jurisprudence cited, this constitutes good ground for the grant of a new trial, upon timely application, in the interests of justice. To let stand a judgment to which the proceedings themselves show there to be an absolute defense, which was not pleaded solely because of the neglect of counsel, is to let stand a judgment which is substantively erroneous, only because of violation of a technical pleading rule which results from counsel's neglect rather than from the client's fault.

*Id.* at 579.

In the present matter, we see no absolute defense comparable to discharge in bankruptcy. Further, the suit in the present matter was served upon Defendants' general counsel. Those pleadings were served on Villa Broussard on April 18, 2016, and on Brown Builders on May 5, 2016. The preliminary default against Villa Broussard was obtained on May 11, 2016. Defendants' attorney was not even retained until May 16, 2016, almost a month after Villa Broussard was served. We cannot agree that, under these circumstances, the default was entered solely through counsel's neglect, regardless of whether counsel's spam filter intercepted the emailed petitions. We find no abuse of the trial court's discretion in refusing to grant Defendants a new trial.

For the foregoing reasons, the judgment of the trial court in favor of Heriberto Flores, d/b/a HE Flores Construction, is affirmed. All costs of this appeal are taxed to Defendants/appellants, Brown Builders, Inc., and Villa Broussard, LLC.

**AFFIRMED.**