BROWN, Chief Judge.
12Plaintiff, Rebecca Sims, filed a medical malpractice action on behalf of herself and her infant son, Kolten Sims, against defendants, Dr. Tonya Hawkins-Sheppard and Louisiana Medical Mutual Insurance Company. Following discovery interrogatories, defendants filed a motion for summary judgment on April 9, 2010. A hearing on the motion was set for July 7, 2010. Although plaintiff had a medical expert ready to testify, plaintiffs attorney failed to obtain a signed affidavit or deposition from the expert. On the hearing date, plaintiff, who had been misled by her attorney, requested his dismissal and a continuance. The court denied the continuance and granted summary judgment in favor of defendants because plaintiff had no expert to establish a breach of the standard of care. Following the ruling, the court allowed plaintiffs attorney to *599 ■withdraw. Plaintiff retained a new attorney who filed this appeal. The issues presented involve both informed consent and negligence. Under the specific circumstances, we find that the trial court abused its discretion in not granting plaintiffs request to obtain new counsel and a continuance. We reverse and remand.

Facts And Procedural History

Plaintiff, who was 38 weeks pregnant at the time, was admitted to Glenwood Regional Medical Center in Ouachita Parish on April 2, 2007. Having experienced a difficult delivery due to the large size of her previous baby, plaintiff had requested delivery by Caesarean section. Defendant, Dr. Hawkins-Sheppard, however, decided to perform a surgical vaginal delivery with the use of forceps. The child suffered permanent eye injuries from the use of the forceps, and plaintiff suffered injuries that necessitated a hysterectomy, leaving her unable to conceive. Plaintiff, who was heavily medicated and in great pain, contends that she did not give consent for a vaginal forceps delivery and that Dr. Hawkins-Sheppard breached the applicable standard of care.
Prior to the filing of the complaint, a medical review panel, composed of three physicians who specialized in the field of Obstetrics and Gynecology, convened via telephone conference and concluded that Dr. Hawkins-Sheppard met the applicable standard of care. Upon receiving the panel’s opinion, plaintiff filed the instant lawsuit. Discovery was lspropounded by defendants, who sent interrogatories to plaintiff on September 24, 2009. Plaintiffs attorney answered stating that plaintiff lacked a medical expert. In response, defendants filed a motion for summary judgment on April 9, 2010. The hearing on the motion for summary judgment was set for May 4, 2010, but was continued until July 7, 2010. Plaintiffs former counsel filed a memorandum in opposition to defendants’ motion for summary judgment on June 29, 2010. The memorandum was accompanied by an unsigned physician’s affidavit. Plaintiffs former counsel assured the court and plaintiff that the unsigned affidavit would be replaced with a valid affidavit by the time of the hearing. To plaintiffs surprise, her former counsel failed to obtain a signed affidavit.
At the hearing, plaintiffs former counsel explained that Dr. Kimberly Hess, plaintiffs treating physician after the delivery, agreed to help with plaintiffs case. The attorney had known of Dr. Hess’s position for months; however, he only sent Dr. Hess the affidavit to be signed and materials to be reviewed two weeks before the hearing. Dr. Hess was on vacation the week before the hearing, followed by a three-day holiday, and had not yet signed the affidavit. When plaintiff was made aware of the situation by her former counsel the day before the hearing, she became upset and indicated that she did not want him to represent her any further. Crucially, plaintiff was notified of her former counsel’s failure to obtain a valid affidavit the day before the hearing. In response to plaintiffs wishes, trial counsel moved to withdraw as her attorney and requested that the court give plaintiff additional time to obtain new counsel and present Dr. Hess’s affidavit. At this time, the court had a conversation on the record with plaintiff. The court asked plaintiff if she had discussed the implications of relieving counsel. The trial court went further to preemptively state that there would not likely be a continuance of the summary judgment proceedings. Plaintiff reiterated to the court that she did not know until the day before the hearing on the motion for summary judgment that her attorney failed to obtain the signed affidavit. Plaintiff believed that her former attorney *600 should have had the signed affidavit before Dr. Hess moved from Louisiana to Indiana. Plaintiff further stated that the affidavit was on Dr. Hess’s desk ready to be signed.
|4The judgment granting summary judgment in favor of defendants was signed on July 9, 2010. Plaintiff enrolled present counsel on August 9, 2010, past the time for a new trial motion, and he filed this appeal on the same day.

Discussion

Pursuant to La. C.C.P. art. 966(B), affidavits to oppose a motion for summary judgment shall be filed eight days prior to the hearing on the motion, in observance of District Court Rule 9.9. However, under La. C.C.P. art. 966(B) the trial judge retains great discretion regarding the time of filing. The court shall give the adverse party additional time to file a response, including opposing affidavits, if good cause is shown. It is within the trial judge’s discretion to continue the hearing to enable compliance with the eight day filing requirement. In addition, trial courts have discretion, absent prejudice to the moving party, to consider affidavits served after the time prescribed by La. C.C.P. art. 966(B). James Construction Group, L.L.C. v. State ex rel. DOTD, 07-0225 (La.App. 1st Cir.11/02/07), 977 So.2d 989.
Case law laid down by this state’s highest court guides our analysis of the present issue. Although a new trial motion was at the center of the supreme court’s ruling in Lamb v. Lamb, 430 So.2d 51 (La.1983), the principle laid down is applicable to the present situation. The supreme court in Lamb, when faced with similar facts as the case at hand, found that “[defendant] was victimized by the neglect of her attorney, the overzealous action of opposing counsel and the trial judge’s erroneous belief that she neglected her legal affairs. To allow this judgment to stand would be to permit technical pleading rules to triumph over actual justice.” Lamb, 430 So.2d at 54. Similarly in Hardy v. Kidder, 292 So.2d 575 (La.1973), a case wherein a default judgment was overturned, the supreme court held that good grounds existed for the granting of a new trial due to the blatant failure of defendants’ attorney.
The supreme court in both Lamb and Hardy found that when a litigant suffered the loss of his day in court solely due to attorney negligence, then a technical rule should not aid in the miscarriage of justice. In the instant case, plaintiff was not aware of her attorney’s failure to obtain a valid | ¿affidavit. Even though the physician was ready to sign such an affidavit, the court rendered judgment for defendants, closing its doors to a trial on the merits of plaintiffs case. It is our duty to permit litigants all reasonable opportunity to place before a court all facts bearing on the issues involved. Smith v. Alliance Compressors, 05-855 (La.App. 3d Cir.02/01/06), 922 So.2d 674.
The content of Dr. Hess’s affidavit is alleged to disagree with the view of the medical review panel. The affidavit allegedly focuses on the breach of the standard of care and the overall negligence of the physician/defendant. Allegedly, Dr. Hess, who just returned from vacation, was catching up on her work and the affidavit was sitting on her desk waiting to be signed. Dr. Hess had been available for many months, but plaintiffs counsel simply failed to contact her. This inaction was concealed by plaintiffs former counsel until the day before the hearing on the motion for summary judgment. When weighing the options of giving a litigant, who was misled by her attorney, more time to obtain the necessary documents that are, based on the record, easily attainable versus shutting the doors to litigation, we find that the trial court abused the *601 discretion afforded to it under La. C.C.P. art. 966(B) and the interpreting case law. The trial court should have allowed plaintiff a reasonable amount of time to obtain new counsel and secure the signature of Dr. Hess rather than cutting off plaintiff at the summary judgment phase, which was a clear and direct result of her being misled and deceived by her former counsel.
We further note that the question of informed consent does not necessarily require medical expert testimony. In this case, there was no documentation of consent, and plaintiff asserted that at the time she was substantially medicated. We, however, do not reach that issue at this time.

Conclusion

Based on the above law and facts, we reverse the trial court’s granting of summary judgment and remand the matter to the trial court. Costs assessed one-half to each to defendant, Dr. Tonya Hawkins-Sheppard and Louisiana Medical Mutual Insurance Company.
Reversed and Remanded.