JOHNSON, J.,
dissents and assigns reasons.
Ill dissent from the Per Curiam issued by the Court, and would deny the writ. I agree with the decision of the court of appeal, reversing the district court’s grant of the defendant’s motion for summary judgment. It is my opinion that the district court should have allowed the plaintiff additional time to find new counsel and obtain the signature of a medical expert on an opposing affidavit.
In this medical malpractice case, plaintiffs treating physician was apparently willing to serve as an expert witness for the plaintiff. However, unbeknownst to plaintiff, her former counsel failed to send medical records or a copy of an affidavit to the expert until shortly before the rescheduled hearing date. Thus, no signed expert affidavit was submitted by the plaintiff. Under these circumstances, the failure to obtain a signed expert affidavit was clearly due to inaction or incompetence on the part of the plaintiffs former attorney. As stated by the court of appeal:
The supreme court in both Lamb [v. Lamb, 430 So.2d 51 (1988) ] and Hardy [v. Kidder, 292 So.2d 575 (1973) ] found that when a litigant suffered the loss of his day in court solely due to attorney negligence, 12then a technical rule should not aid in the miscarriage of justice. In *158 the instant case, plaintiff was not aware of her attorney’s failure to obtain a valid affidavit. Even though the physician was ready to sign such an affidavit, the court rendered judgment for defendants, closing its doors to a trial on the merits of plaintiffs case. It is our duty to permit litigants all reasonable opportunity to place before a court all facts bearing on the issues involved. (Internal citations omitted).
Sims v. Hawkins-Sheppard, 46,145 (La. App. 2 Cir. 3/2/11), 58 So.3d 598, 600.
For these reasons, I would deny the writ, finding the court of appeal decision to be correct.